IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11145
_____

UNITED STATES OF AMERICA

       Plaintiff-Appellee

  v.

EULALIO VARGAS-BUENO

       Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas, San Angelo
USDC No. 6:99-CR-21-1-C

_____

August 9, 2000

Before KING, Chief Judge, REYNALDO G. GARZA and PARKER, Circuit
Judges.

PER CURIAM:[*]

    The Defendant-Appellant Eulalio Vargas-Bueno waived his right
to appeal the issues that he presents here.  A defendant may, as a
part of a valid plea agreement, waive his statutory right to appeal
his sentence.  See United States v Melancon, 972 F.2d 566, 568 (5th
Cir. 1992).  To be valid, the waiver must be an informed one.  See
id. at 567.  Contrary to Vargas' argument on appeal, a district
court's misstatements at a sentencing hearing as to a defendant's

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to appeal, made after the defendant entered into a plea agreement, do not affect the voluntariness of a waiver of appeal provision. See id. at 568. When the record clearly shows that the defendant read and understood the plea agreement and that he raised no question regarding the waiver of appeal provision, the plea agreement is upheld. See United States v Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). This case differs from United States v Robinson, 187 F.3d 516 (5th Cir. 1999), in that in this case, unlike in Robinson, the district court determined through its questioning that Vargas-Bueno had read and understood the plea agreement.[1]

All outstanding motions are DENIED.

DISMISSED.

---

[1] We note that the plea agreement at issue here predates the amendment to Federal Rule of Criminal Procedure 11 that became effective December 1, 1999.